**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD HILLS; IVAN RENE MOORE, individually, and as the Executor of the Estate of Ima Moore, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> INDYMAC MORTGAGE HOLDINGS, INC.; et al., <br><br> Defendants-Appellees. | No. 17-56599 <br><br> D.C. No. 2:17-cv-04826-RGK-PJW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Ronald Hills and Ivan Rene Moore appeal pro se from the district court's

judgment dismissing their action alleging federal and state law violations related to

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellants' request for oral argument, set forth in their opening and reply briefs, is denied.

a mortgage loan, foreclosure, and subsequent title transfers.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis of the statute of limitations and under Fed. R. Civ. P. 12(b)(6).  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  We affirm.

The district court properly dismissed appellants' action because it is time-barred and appellants failed to plead facts demonstrating that equitable tolling should apply.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-46 (9th Cir. 2011) (federal standard for equitable tolling); *Collier v. City of Pasadena*, 191 Cal. Rptr. 681, 685 (Ct. App. 1983) (test under California law for equitable tolling of limitations period).

The district court did not abuse its discretion by denying appellants an opportunity to amend because amendment would have been futile.  *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile); *Kendall v. Visa USA, Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (amendment is futile where a plaintiff "fail[s] to state what additional facts [he] would plead if given leave to amend, or what additional discovery [he] would conduct to discover such facts").

We do not consider issues not specifically and distinctly raised and argued in

17-56599

the opening brief, or arguments and allegations raised for the first time on appeal.

*See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**